**Morris Sullivan Lemkul & Pitegoff LLP**
Jeffrey I. Pitegoff NV Bar No. 5458
Christopher A. Turtzo; NV Bar No. 10253
3770 Howard Hughes Parkway, Suite 170
Las Vegas, NV 89169
Telephone: (702) 405-8100
Telecopier: (702) 405-8101
pitegoff@morrissullivanlaw.com
turtzo@morrissullivanlaw.com
*Attorneys for Roy Phillip Christensen*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ROY PHILLIP CHRISTENSEN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>VEGAS LIFE, LLC, a Nevada Limited Liability Company, dba Relax, Just Vaping and Coleen Snell, an individual.<br><br>Defendants | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br>**(Jury Trial Demanded)** |

## JURISDICTION AND VENUE

1. The Court possesses federal question subject matter jurisdiction over the TCPA claim.

2. This Court also possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d)(2) and (6) of the Class Action Fairness Act of 2005 because (i) the Class consists of 100 or more members, (ii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different states.

3. Venue is proper in this district under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims alleged occurred in this district.

## INTRODUCTION

4. Roy Phillip Christensen ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedy, resulting from the illegal actions of Defendant, in negligently and/or willfully contacting Plaintiff through Short Message Service ("SMS") or "text" messages on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA").

1

Plaintiff alleges the following upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief.

## PARTIES

5. Plaintiff Roy Phillip Christensen is, and at all times mentioned herein was, a citizen and resident of the State of Nevada. He is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153(39).

6. Plaintiff brings this action on behalf of himself and all persons similarly situated.

7. Upon information and belief, VEGAS LIFE, LLC is, and at all times mentioned herein was, a Nevada limited liability corporation with its principal place of business located at Las Vegas, Nevada, and a "person," as defined by 47 U.S.C. § 153(39).

8. Plaintiff alleges that, at all times relevant herein, Defendant conducted business throughout the United States, including in the state of Nevada and within this judicial district.

## FACTUAL ALLEGATIONS

9. In recent years, marketers have found that text messaging, as a bulk solicitation, is a potent form of advertising especially since federal laws have limited solicitation by telephone, facsimile machine, and email. This powerful and efficient form of advertising delivers customized messages to cellular telephones of consumers, all of who must pay some fee to receive text messages. The text messages remain on consumers' phones until they take affirmative action to delete the messages. These text messages invade the consumers' privacy and are commonly referred to as "spam".

10. Unlike faxes and unanswered phone calls, a text message allows virtually instantaneous communication with the recipient, almost anywhere in the world, day or night. Many cellular phones immediately alert the recipient of new text messages. Consumers frequently use text messaging to stay in close contact with business colleagues and associates, family members, and friends. Text messaging is also used by schools, police departments, fire departments, and emergency medical services across the country. When marketers like Defendant utilize text messaging without regard to the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. sec. 227 and the Nevada Deceptive Trade Practices Act, NRS Ch. 598, consumers' are bombarded with solicitations that were never requested.

11. During the relevant time period, Defendant and/or its agents directed the mass transmission of text messages to cellular phones nationwide in an attempt to reach customers or potential customers of Defendant's products/services.

## THE CALLS TO PLAINTIFF

12. On or about May 19, 2014, Defendant sent the following unsolicited SMS or "text" message to Plaintiff at his mobile telephone number:

"Welcome to FiveStars, the rewards program of Relax, Just Vaping. Reply w/ your email to finish registering & get free bonus points! Txt STOP to unsubscribe"

13. On June 18, 2014, Defendant sent the following unsolicited SMS or "text" message to Plaintiff at his mobile telephone number:

"We miss you here at Relax, Just Vaping! You get a Buy 1 Juice, Get 1 50% off on your next visit. Reply YES to claim. Exp 6/25. Txt OFF to unsubscribe"

14. On July 18, 2014, Defendant sent the following unsolicited SMS or "text" message to Plaintiff at his mobile telephone number:

"We miss you here at Relax, Just Vaping! You get a Buy 1 Juice, Get 1 50% off on your next visit. Reply YES to claim. Exp 07/25. Txt OFF to unsubscribe"

15. On September 1, 2014, Defendant sent the following unsolicited SMS or "text" message to Plaintiff at his mobile telephone number:

"Relax, Just Vaping: Happy Labor! Today only, we pay tax on every purchase. Come get your vape on. Open until 7 pm tonight. See you soon txt OFF to unsubscribe"

16. On September 16, 2014, Defendant sent the following unsolicited SMS or "text" message to Plaintiff at his mobile telephone number:

"We miss you here at Relax, Just Vaping! You get a Buy 1 Juice, Get 1 50% off on your next visit. Reply YES to claim. Exp 09/23. Txt OFF to unsubscribe"

17. On October 10, 2014, Defendant sent the following unsolicited SMS or "text" message to Plaintiff at his mobile telephone number:

"Relax, Just Vaping: Happy Hour from 11am-1pm or 5-7 pm 10% off batteries and mods..get 3-15ml bottles for $27 or 3-30ml bottles for $50 ☺ txt OFF to unsubscribe"

18. On November 26, 2014, Defendant sent the following unsolicited SMS or "text" message to Plaintiff at his mobile telephone number:

"Relax, Just Vaping: Today –Sunday only 30 ml or 2 15ml Eliquid $15.99, Plume Vail or Mutation XV2 atty $25, Orchid $30 Happy Thanksgiving txt OFF to unsubscribe"

19. On December 31, 2014, Defendant sent the following unsolicited SMS or "text" message to Plaintiff at his mobile telephone number:

"Relax, Just Vaping: Thank you for a great eyar – from now t0 1/4/15 buy 2 get 1 free juice, select mods and kits $65, open new years day! txt OFF to unsubscribe"

20. On January 31, 2015, Defendant sent the following unsolicited SMS or "text" message to Plaintiff at his mobile telephone number:

"Relax, Just Vaping: Super Bowl Weekend Special- Buy 2 get 1 free E-Juice, Select Bling ego pen kit $45, $20 RDA, $60 mods – see you soon txt OFF to unsubscribe"

21. On April 2, 2015, Defendant sent the following unsolicited SMS or "text" message to Plaintiff at his mobile telephone number:

"Relax, Just Vaping: Get 2 15ml house bottles $15, 1 30ml voda $15, & now offering 120ml bottles for $50! Reply YES to claim. Exp April 15 txt OFF to unsubscribe"

22. Such text messages constitute "calls" under the TCPA that were not made for emergency purposes, as defined by 47 U.S.C. § 227 (b)(1)(A).

23. Defendant specifically made these calls to promote its goods and services.

24. Defendant made these calls to Plaintiff's mobile telephone number using an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and as prohibited by 47 U.S.C.§ 227 (b)(1)(A). The ATDS had the capacity to store or produce and dial numbers randomly or sequentially, and to place telephone calls and/or send text messages to Plaintiff's mobile telephone.

25. Defendant intended to call and/or send text messages, and called and/or sent text messages to Plaintiff's mobile telephone, and Plaintiff received the calls and/or text messages.

26. Plaintiff did not provide Defendant or Defendant's agents prior express consent to receive unsolicited text messages pursuant to 47 U.S.C. § 227 (b)(1)(A).

27. Defendant never told Plaintiff that it would use his mobile number to send him promotional text messages through an ATDS.

28. These calls and/or text messages invaded Plaintiff's privacy and violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

30. Plaintiff represents and is a member of the Class consisting of all persons within the United States who received any SMS or text messages from Defendant or its agents on any telephone number assigned to a paging service, cellular phone service, mobile radio service, radio common carrier service, or other service for which the called party is charged, through the use of any automatic telephone dialing system as set forth in 47 U.S.C. § 227(b)(1)(A)(3) or artificial or prerecorded voice, which SMS or text messages

4

by Defendant or its agents were not made for emergency purposes or with the recipients' prior express consent, within the four years prior to the filing of this Complaint until class certification.

31. Defendant and its employees or agents are excluded from the Class.

32. Plaintiff does not know the number of members in the Class, but believes the Class Members number in the thousands, if not more. Therefore, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

33. Plaintiff and the other Class Members were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the other Class Members via their mobile telephone numbers by using unsolicited SMS or text messages and invaded the privacy of Plaintiff and the other Class Members. Plaintiff and the other Class Members were damaged thereby.

34. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand or otherwise revise the Class definition to seek recovery on behalf of additional persons as warranted, as facts are learned in further investigation and discovery.

35. The joinder of the Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agent's records.

36. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class Members, including the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents sent SMS or text messages without the recipients' prior express consent (other than SMS or text messages made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system to any telephone number assigned to a mobile telephone service;

b. Whether Plaintiff and the Class Members were damaged thereby, and the extent of damages for such violations; and

c. Whether Defendant and its agents should be enjoined from engaging in such conduct.

37. Because Plaintiff received at least one unsolicited telephone SMS or text message from Defendant without prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

38. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class Member's claims, few, if any, Class Members could afford to individually seek legal redress for the wrongs complained of herein.

39. Plaintiff has retained a law firm experienced in handling consumer class action claims.

40. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class Members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

41. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

42. Plaintiff brings this class action on behalf of himself as a representative of the following class of persons (the "Subclass") entitled to injunctive relief, declaratory relief, and incidental statutory damages under Federal and State Law:

All persons within the United States who received any SMS or text messages from Defendant or its agents on any telephone number assigned to a paging service, cellular phone service, mobile radio service, radio common carrier service, or other service for which the called party is charged, through the use of any automatic telephone dialing system as set forth in 47 U.S.C. § 227(b)(1)(A)(3) or artificial or prerecorded voice, which SMS or text messages by Defendant or its agents were not made for emergency purposes or with the recipients' prior express consent, within the four years prior to the filing of this Complaint until class certification.

43. The Subclass includes numerous persons, i.e. Subclass Members.

44. Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy of representation and superiority requirements for class action certification.

45. Defendant possesses personal data, including names and contact information for Class Members.

46. Defendant possesses personal data, including names and contact information for Subclass Members.

///
///
///

## FIRST CAUSE OF ACTION
### (Negligent Violation of the TCPA)

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Defendant, using an ADTS, sent text messages to Plaintiff and the other Class Members at telephone numbers assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

49. By using an ADTS, Defendant was able to effectively send thousands of text messages simultaneously to lists of thousands of cellular phone numbers of consumers without human intervention. These text messages were made *en masse* without the prior express consent of Plaintiff and the other members of the Class to receive such text messages.

50. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. §§ 227 *et seq.*

51. As a result of Defendant's and Defendant's agents' negligent violations of 47 U.S.C. §§ 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### (Knowing/Willful Violation of the TCPA)

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Defendant, using an ADTS, sent text messages to Plaintiff and the other Class Members at telephone numbers assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged.

55. By using an ADTS, Defendant was able to effectively send thousands of text messages simultaneously to lists of thousands of cellular phone numbers of consumers without human intervention. These text messages were made *en masse* without the prior express consent of Plaintiff and the other members of the Class to receive such text messages.

56. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq.*

57. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to

$1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

58. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct.

### THIRD CAUSE OF ACTION
### (NRS 41.600(2)(e) – Nevada Deceptive Trade Practices Act)

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The Defendant willfully committed acts of consumer fraud by violating the TCPA by contacting the Plaintiff and Class Members on their cellular telephones using an ATDS without their prior express consent. *See* NRS 598.0923(2).

61. The Defendant's acts of consumer fraud caused the DLC Class Representatives and Class Members to suffer damage by invading their privacy and causing them to incur additional cellular phone charges and/or lose allotted cellular phone minutes. *See* NRS 41.600(3)(a).

62. The Plaintiff and Class Members are entitled to injunctive relief prohibiting the Defendant from continuing to violate the Nevada Deceptive Trade Practices Act in the future. *See* NRS 41.600(3)(b).

63. The Plaintiff and Class Members are entitled to attorneys' fees and costs. *See* NRS 41.600(3)(c).

### FOURTH CAUSE OF ACTION
### (Attorney Fees as Special Damages)

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. It has been necessary for Plaintiffs to retain the services of attorneys in order to prosecute this action and therefore, Plaintiffs are entitled to an award of reasonable attorney fees and costs as special damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and the other Class Members the following relief against Defendant:

A. As a result of Defendant's' and Defendant's agents' violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

B. As a result of Defendant's and Defendant's agents' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class Member treble damages,

Case 2:15-cv-00844-JCM-GWF    Document 1    Filed 05/05/15    Page 9 of 9

as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

C. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks for himself and each Class Member injunctive relief prohibiting such conduct in the future.

D. As a result of the Defendant's violations of the Nevada Deceptive Trade Practices Act, Plaintiff seeks for himself and each Class Member: (i) damages in an amount to be determined trial; (ii) injunctive relief prohibiting Defendants from continuing to violate the Nevada Deceptive Trade Practices Act in the future; and (iii) attorneys' fees and costs. *See* NRS 41.600(3).

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding the Plaintiff is a proper representative of the Class, and appointing undersigned counsel and his law firm representing the class representative as counsel for the Class.

F. Plaintiff seeks for himself and each Class Member an award of reasonable attorneys' fees and costs to Plaintiff's counsel.

G. Plaintiff seeks for himself and each Class Member any other relief the Court may deem just and proper or any other remedy available for Defendant's violations alleged herein.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

Dated this 5th day of May, 2015

MORRIS, SULLIVAN, LEMKUL & PITEGOFF, LLP

BY: */s/ Jeffrey I. Pitegoff, Esq.*
**Morris Sullivan Lemkul & Pitegoff LLP**
Jeffrey I. Pitegoff NV Bar No. 5458
Christopher A. Turtzo; NV Bar No. 10253
3770 Howard Hughes Parkway, Suite 170
Las Vegas, NV 89169
Telephone: (702) 405-8100
Telecopier: (702) 405-8101
pitegoff@morrissullivanlaw.com
turtzo@morrissullivanlaw.com
*Attorneys for Michael Charles Kane*